UNITED STATES, Appellee

v

TERRENCE B. LEWIS, Private E–1, U. S. Army, Appellant

9 USCMA 438, 26 CMR 218

No. 10,974

Decided July 3, 1958

*Major Edward Fenig* and *First Lieutenant Edwin E. Allen* were on the brief for Appellant, Accused.

*Lieutenant Colonel John G. Lee* and *First Lieutenant Avram G. Hammer* were on the brief for Appellee, United States.

## Opinion of the Court

PER CURIAM:

The accused was found guilty by general court-martial convened at Tokyo, Honshu, Japan, of conspiracy to violate a lawful general regulation governing the purchase of post exchange items and of violating the same regulation, in contravention of Articles 81 and 92, Uniform Code of Military Justice, 10 USC §§ 881 and 892, respectively. The regulation in question was AFFE Circular 141, which deals ▮ with Army and Air Force exchange activities. In the case of United States v Curtin, 9 USCMA 427, 26 CMR 207, we held that paragraph 9f of the Circular was intended to prescribe prohibitions and restrictions on the use that may be made of exchange purchases by individual purchasers. Consequently, the accused's contention that the specifications failed to allege offenses is without merit.

The second assigned error raises the question of whether the law officer erred in failing to instruct ▮ the court-martial that before it could convict the accused of violating the Circular, it must first find that he had knowledge of its existence. This question has also been resolved adversely to the accused. In United States v Stone, 9 USCMA 191, 25 CMR 453, we held that AFFE is a "major command" directly under the Department of the Army so that knowledge of its regulations may be presumed. See also United States v Statham, 9 USCMA 200, 25 CMR 462; United States v Silva, 9 USCMA 420, 26 CMR 200; and United States v Curtin, supra. Therefore, there was no duty upon the law officer to instruct on the element of knowledge. Finding no error in the record, the decision of the board of review is hereby affirmed.